IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. 09-00044-CG-C |
| | * | |
| **REUBEN WAYNE WILLIAMS** | * | |

**ORDER**

This matter is before the Court on the United States of America's Motion in Limine (Doc. 20) and Defendant's response thereto (Doc. 24). A hearing was held on the motion on August 10, 2009.

In the motion, the Government states that it anticipates that the Defendant will argue at trial that his Minnesota conviction is not a crime punishable by imprisonment for a term exceeding one (1) year; and that the Defendant may attempt to make a jury nullification argument. The Government asserts that these arguments (and any evidence in support) should be excluded from admission at trial, and accordingly seeks an order in limine that the Defendant, his counsel, his agents, and his witnesses, refrain from mentioning, directly or indirectly, these matters before the jury.

The Government contends that or about April 6, 1993, the Defendant plead guilty to simple robbery, M.S.A. § 609.24, in the Circuit Court of Hennepin County, Minnesota (Case No. 27-CR-93-001658). (Doc. 20). The Government further contends that the Defendant was prohibited from possessing a firearm because the offense of simple robbery was a disqualifying offense under 18 U.S.C.§ 922(g). The Government notes that on July 2, 2009, the District Court for the Fourth Judicial District of Hennepin County, Minnesota, restored the Defendant's civil rights and permanently ordered defendant discharged from probation and the stay of imposition

of sentence. (Id. at Ex. A). However, the Government argues that this post indictment order has no effect on the fact that on October 22, 2007, when Defendant possessed the firearm, Defendant was a prohibited person under 18 U.S.C.§ 922(g).

Defendant argues that the motion in limine should be denied and that the conclusion that the charge is a misdemeanor is dispositive of his case. Defendant points to the fact that under Minnesota law a felony conviction is deemed a misdemeanor if the imposition of prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence. Defendant argues that he met all those requirements when his sentence expired on April 8, 1996, and therefore, by operation of Minnesota law, his conviction was deemed a misdemeanor. Defendant states that the Order of July 2, 2009, is only a confirmation of what had previously taken place on April 8,1996. The Defendant also notes that on the docket sheet reflecting the history of his conviction for simple robbery that the "charging information" section indicates that the charge was a misdemeanor.

18 U.S.C.§ 922(g)(1) provides that it is unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to posses in or affecting commerce any firearm or ammunition. This is often referred to as the felon-in-possession prohibition. In fact, felon-in-possession is a misnomer because it is possible under 18 U.S.C.§§ 922(g)(1) and 921(a)(20)(B), for a misdemeanor conviction to disqualify a person from possessing a firearm. "An offense classified by a State as a misdemeanor, however, may qualify ... as a predicate for a felon-in-possession conviction under § 922(g)[] only if the offense is punishable by more than two years in prison." Logan v. United States, 552 U.S. 23, 128 S.Ct. 475, 479 (2007). Thus, the question is not whether Defendant's conviction is currently a

misdemeanor, but rather what was the possible punishment at the time he was convicted.

The Defendant has submitted the "Register of Actions" for his conviction on April 6, 1993, of Simple Robbery(Aiding and Abetting).  A simple robbery was and is punishable in Minnesota by a maximum of ten years.  See State v. Nash, 339 N.W.2d 554, 557 (Minn.1983) ("Simple robbery []carries a maximum sentence of 10 years ...."); State v. Lurks, 2008 WL 223792, *1 (Minn. App. January 29, 2008) ("The district court imposed the statutory maximum sentence of ten years for the simple robbery conviction[.]")  Thus, although the Defendant's conviction may have been deemed a misdemeanor on April 8, 1996, pursuant to 18 U.S.C.§§ 922(g)(1) and 921(a)(20)(B), the conviction is still a disqualifying conviction.

However, this does not end the inquiry because the Defendant is also arguing that his civil rights were automatically restored under Minnesota law on April 8, 1996, and thus he was not a prohibited person.  "In Minnesota, upon the expiration of a person's sentence or by order of the court following a stay of imposition or execution of sentence, a person convicted of a crime is automatically restored to civil rights. See Minn. Stat. § 609.165 (1990)." State v. Moon, 463 N.W.2d 517, 519 (Minn.1990).  Defendant attempts to avail himself of the disqualification exemption under 18 U.S.C. § 921(a)(20)[1].  Caron v. United States, 524 U.S. 308, 313, 118 S.Ct. 2007 (1998) (automatic restoration of rights qualifies for § 921(a)(20)'s exemption).  However the complicating wrinkle is that while Minn. Stat. § 609.165 subd.1 (1997) may provide for

---

[1]"What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

automatic restoration of civil rights upon expiration of sentence, Minn. Stat. § 609.165 subd.1a (2003) qualifies this restoration for persons convicted of a crime of violence by restricting the right of such person to possess firearms. Crimes of violence defined under Minn. Stat. § 624.712, subd. 5 include simple robbery. Moon, 463 N.W. 2nd at 520. Thus, Defendant was subject to the firearm restriction when his civil rights were automatically restored on April 8, 1996.

The version of Minn. Stat. § 609.165 subd.1a in effect in 1996 provided that Defendant was prohibited from possessing a firearm for ten years. See Tate v. Zaitz, 1998 WL 404856 (Minn. App. July 21, 1998). Defendant argues that the expiration of this ten year prohibition occurred on April 8, 2006. However, in 2003 Minnesota imposed a lifetime ban on the possession of firearms by a person convicted of a crime of violence. United States v. Sonczalla, 561 F.3d 842, 845 (8th Cir. 2009); see also Hood v. United States, 342 F.3d 861, 864-865 n.2 (8th Cir. 2003). This ban was made retroactive to apply to "offenders who are discharged from sentence or court supervision for a crime of violence on or after August 1, 1993." Id.; Minn. Stat.§ 624.713 subd. 1 (2003). Thus, because the Defendant was discharged on April 8, 1996, the lifetime prohibition applies to him unless the Defendant has received a relief of disability under 18 U.S.C. § 925, or if he has received a judicial restoration of the ability to possess firearms. See Minn. Stat. § 609.165 subd.1a (2003).

Defendant has made no argument that he has received a relief from disability pursuant to 18 U.S.C. § 925 and it is highly improbable that he has. See Logan, 522 U.S. at 480 n.1 ("The relief provision has been rendered inoperative, however, for Congress has repeatedly barred the Attorney General from using appropriated funds 'to investigate or act upon [relief] applications.'"). The Defendant received a judicial restoration of his civil rights on July 2, 2009,

however, there is no mention of whether this includes the ability to possess firearms.  Even if the July 2, 2009 Order could be construed to be a full restoration of civil rights, it cannot be construed to be retroactive as to any restoration of the right to possess firearms.

Accordingly, as a matter of law, the conviction as alleged in the indictment would disqualify the Defendant from possessing a firearm under 18 U.S.C. § 922(g)(1).   Therefore, the Government's motion in limine to prohibit the Defendant from arguing otherwise to the jury is GRANTED.

DONE and ORDERED this the 11th day of August 2009.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE